HOLLOWELL (SCHWAB v.). See Case No. 12,500.

---

## Case No. 6,624.

### HOLLY v. UNION CITY.

[14 O. G. 5.]

Circuit Court, D. Indiana. June 3, 1878.

PATENTS—VALIDITY AND INFRINGEMENT—DEVICE FOR WATER SUPPLY.

[The Holly reissue patent No. 5,132, for a device for supplying a city with water, *held* valid as to the first claim, when limited to the device described and its substantial equivalents; and *held*, further, that it was infringed by defendant.]

[This was a suit by Birdsill Holly against Union City, Ind., to recover damages for the unlawful use of plaintiff's patent.]

DRUMMOND, Circuit Judge. This case having been brought on to be finally heard upon the pleadings and proofs, at the November term of this court, 1876, before their honors, Judge Drummond and Judge Gresham, holding the said term of court, and having been fully argued by J. E. Hatch. Esq., and George Harding, Esq., for the complain-

ant and by L. L. Leggett, Esq., and M. D. Leggett, Esq., for the defendants, and the case having been submitted on the oral arguments of the said counsel, and written briefs filed at the same time, and due deliberation having been thereon had, this court finds:

First. That the letters patent granted Birdsill Holly, of Lockport, New York, March 2, 1869 [No. 87,413], and reissued August 2, 1870, and again reissued November 5, 1872, which said reissue was numbered 5,132, on the first claim of which the present suit is founded, are good and valid in law, so far as relates to the first claim thereof, when said first claim is limited to the device described in the said reissued letters patent, and its substantial equivalents; that the said reissued patent is for the same invention as the original patent, and that the method of supplying a city with water, in the first claim of the said reissue, is the invention of the said Holly, and that the said claim is not anticipated by any of the prior patents and uses pleaded in this case, and that the title to said reissued patent is in said Holly.

Second. That the defendant, by its use within the jurisdiction of this court, in connection with its water-pumping machinery, of the device shown and set forth in "Exhibit Union City Regulator," has infringed the said reissued letters patent and violated the rights of the said Holly, as secured by the first claim of said reissued letters patent No. 5,132, and it is therefore ordered, adjudged, and decreed, and this court, by virtue of the power therein vested, doth order, adjudge, and decree:

First. That the complainant do recover of the said defendant the profits, gains, and advantages that have arisen or accrued to said defendant from the use, between the date of the said reissued patent and the entry of this decree, of the said system of water-works described in said claim, as well as the damages that have resulted to the complainant by reason of the said unlawful use.

Second. That an account of the said profits and of the said damages be taken and stated and reported to this court by W. P. Fishback, Esq., who is hereby appointed special master commissioner for that purpose, and that the defendant, by its officers, appear before the said master, from time to time, on notification from him and under his direction, and that the attorneys, agents, servants, and employés of the said defendant appear before the said master from time to time as he may direct, and that the complainants may examine the said officers, employés, agents, attorneys, and servants of the said defendant, under oath, as to the several matters pending on the said reference; and that the said defendant, by its officers, produce before the master, on oath, all such deeds, contracts, specifications, papers, writings, and books, as the said master shall direct, that are in their custody or under their control or subject to their order, and that relate in any manner to the said matters which shall be pending before the

said master; and that the said master have all the authority and power conferred upon masters in like cases by the 77th and 78th rules prescribed by the supreme court of the United States, as rules of practice for the courts of equity of the United States.

Third. That an injunction issue out of and under the seal of this court against the said defendant, commanding it, its attorneys, agents, workmen, officers, servants, and employés, to desist from making, using, or vending any system of water-works whereby the water is pumped directly into the water-mains, the apparatus for that purpose being supplied with contrivances like, or substantially like, those shown and described in said reissued letters patent, by which the pressure within the mains may be preserved, in a great degree, uniform—sufficiently so for practical purposes—or whereby it may be increased or diminished at pleasure, or from in any manner infringing upon or violating any right or privilege granted or secured to the complainant by the said reissued letters patent.

Fourth. That the parties and master may apply, upon due notice to this court upon the foot of this decree, for such other and further order of instruction as may be necessary.

Fifth. That the complainant do recover the costs in this case to be taxed.